NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-673-KKC

JOHNNY DOUGLAS DAVIS, III                                                            PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

DONALD STINE, Warden                                                                RESPONDENT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Johnny Douglas Davis, III, an individual presently confined at the Federal Correctional Institution ("FCI") in Petersburg, Virginia, paid the habeas filing fee and filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 while he was incarcerated in the Eastern District of Kentucky.

This matter has been pending before the Court for screening. 28 U.S.C. § 2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert*. *denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIM

The petitioner challenges a detainer which has been placed against him by North Carolina authorities for purported state probation violations.

FACTUAL ALLEGATIONS

The petitioner has filed a commonly used petition form, a memorandum, and several attached documents, which the Court considers an appendix, with pages numbered 1-8. Record Nos. 1-2. The following is a summary or construction of the petitioner's allegations.

The petitioner alleges that on January 29, 2004, in the Superior Court of McDowell County, North Carolina, he was sentenced to 10-12 months' imprisonment for obtaining property by false pretenses and was placed on "Intensive Probation." On April 2, 2004, he was purportedly declared a violator of that parole. He attaches copies of Buncomb County Superior Court's Order of Arrest and separate Violation Report of that date, listing seven violations of the McDowell County Court's probation. Appendix [hereinafter App.] 6-8.

Petitioner Davis was arrested by U.S. Marshals on May 13, 2004, and lodged in the local jail for 1 ½ months, during which time his lawyer and his probation officer purportedly discussed running his state violation time concurrent with his federal sentence. He alleges that state authorities were unwilling to do so; nor did they serve the warrant or hold a probation revocation hearing during the additional months, totaling 8 months, which he spent confined in North Carolina.

The date next mentioned by the petitioner is December 20, 2004, when he arrived at the United States Penitentiary-McCreary in the Eastern District of Kentucky. Shortly thereafter, on January 11, 2005, federal authorities there wrote a Detainer Action Letter about Davis to the North Carolina Department of Corrections ("NCDOC"), informing the state that "NCIC shows above warrant probation violation," and asking for the state to respond, either by sending a certified copy of the violator warrant with a cover letter directing that it be lodged as a detainer, if the state so wished, or by sending a letter indicating that the state had no further interest.

On February 3, 2005, an official in the NCDOC's Extradition/Fugitive Section responded that it was "lodging no detainer. The subject's status is Non-Extraditable." App. 2. However, on the following September 14, 2005, the same state employee in the Extradition/Fugitive Section who had written the "no detainer" letter, faxed 6 pages to the prison, indicating a change in the action

Case: 6:05-cv-00673-KKC   Doc #: 6   Filed: 04/20/06   Page: 3 of 7 - Page ID#: 33

which the NCDOC desired, the cover letter requesting as follows:

> As evidence by the enclosures, the Buncombe County Superior Court wants the above-named subject for Violation of Probation. I am enclosing certified copies of the Violation Report and Order for Arrest issued against Johnny D. Davis to have a detainer placed on him. Previously subject was non-extraditable, however, recently he has been changed to extraditable.
>
> At such time as the defendant may be available, this office should be notified as to when and where we may assume custody. Please advise waiver status. We will extradite.

App. 5. The lodging of the NCDOC detainer on September 15, 2005 (App. 3) has rendered the petitioner ineligible for certain prison rehabilitation programs.

The Court construes Petitioner Davis's allegations to seek invalidation of the North Carolina detainer on several grounds, *i.e.*, that (1) he did not receive notice and an opportunity to be heard in a revocation hearing, and so the "North Carolina Unitary Probation Revocation system does not compart [sic] with the requirements of the Federal Constitutions Due Process Clause and the Constitutional Deadline established in *Morrissey v. Brewer*, [408 US 471 (1972)]"; (2) North Carolina authorities relinquished jurisdiction over him when they surrendered him from the state jails to federal authorities and, having done so, should not be permitted to tack his state sentence on at the end of his federal one; and/or (3) the passage of time (8 months in North Carolina prior to going to the federal prison and 1 ½ years since the warrant without a revocation hearing) is so great that he is entitled to have the detainer voided.

## DISCUSSION

To challenge the validity of North Carolina's actions, Petitioner Davis relies primarily on *Morrissey v. Brewer*, 408 U.S. 471 (1972), in which the Supreme Court of the United States set forth the minimal due process requirements of parole revocation decision-making. These include (a)

3

written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person; (d) with the right to confront witnesses; (e) before a neutral hearing body; and (f) a written statement listing the evidence and reasons for revoking parole. *Id.* at 489.

The petitioner attaches copies of the North Carolina Court's April 4, 2004 Violator Report and Warrant, which show that eventually, perhaps *via* fax the following year, he was provided with the *Morrissey* notice requirement, as stated in the above subsection (a). He specifically claims he was deprived of the opportunity to be heard, however, and the Court construes that he means he was denied all of the rest of procedural protections, which are mandated by due process and *Morrissey,* however.

Perhaps the petitioner was not provided further protections because North Carolina has not yet held revocation proceedings. The documents which he has provided suggest that this is true. The lines for the probationer to acknowledge service of the violation report and the lines for the time and place of a hearing on the violations are blank; the lines on the arrest warrant for officials to complete if the warrant had been served are also blank. App. 6-8. In short, Davis has failed to establish that there was a revocation proceeding and thus, there is no revocation proceeding to challenge for due process violations. Had the state conducted proceedings and found him to be a violator without a subsequent conviction, *in absentia*, and with none of the due process protections, the petitioner would perhaps have a cognizable claim. As it is, he has none.

Even if such a proceeding took place in North Carolina, without the petitioner's having *Morrissey*'s procedural protections, however, the petitioner would still not be able to proceed in this habeas proceeding. His first remedy would be in the North Carolina courts. When other petitioners

4

have challenged parole decisions by way of federal petitions for habeas corpus, pursuant to 28 U.S.C. §2241, the federal court has consistently required the exhaustion of state court remedies as a prerequisite. *See Irvin v. Dowd*, 359 U.S. 394, 406 (1959); *Click v. Ohio*, 319 F.2d 855 (6th Cir. 1963); *Atkins v. Michigan*, 644 F.2d 543 (6th Cir. 1981), *cert. denied*, 452 U.S. 964 (1981). The state's highest court must have an opportunity to review the claims. *Castillo v. Peoples*, 109 S. Ct. 1056, 1060 (1989).

Because the instant petitioner has not alleged exhaustion of his state court remedies, the matter is not now properly before the federal court. To address the constitutionality of a state parole or probation proceeding under §2241 without exhaustion "would deny the state court the opportunity to examine the constitutionality of its own procedures." *Brewer v. Kahlberg*, 942 F.2d 328, 337 (6th Cir. 1991). Further, another one of the obvious reasons for requiring exhaustion is to provide a record for the federal courts' review. Because the plaintiff has not exhausted, this Court lacks a record and sufficient information for meaningful review of any action taken in North Carolina. The plaintiff's failure to exhaust violates both the letter and underlying rationale for the law of exhaustion.

The Court also construes the petition as making an alternative claim that the detainer should be invalidated by this Court based on the delay in holding revocation proceedings, since the issuance of the warrant and violator report in 2004. Davis appears to claim that North Carolina should have brought the proceedings during the 10 months when he was physically in that state or in the year which has passed since he left North Carolina. His theory seems to be that since North Carolina did not proceed with revocation proceedings earlier, then the state should not be permitted to hold them after he is released from his federal sentence.

5

The problem with this argument is that there is no authority for his being entitled to relief under the facts and law he presents. The petitioner has failed to state a claim upon which the Court may grant relief. He points to no time constraints requiring any quicker resolution of the violations charged. The Sixth Amendment's demand for a criminal defendant to have a speedy trial does not apply in the context of a parole or probation revocations, as revocation is not part of a criminal prosecution. *Bennett v. Bogan*, 66 F.3d 812 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1025 (1996).

There is nothing impermissible in waiting until a parole or probation violator is released from federal custody before holding revocation proceedings. To the contrary, it has been held permissible for the U.S. Parole Commission to withdraw an executed parole violator warrant pending the outcome of underlying state criminal charge and then later executing another parole violator warrant based on the same conduct as the first parole violator warrant *after a 5-1/2 year delay* between issuance of the first withdrawn warrant and issuance of the second warrant based on the same conduct. *Id.*

To the extent that the petitioner suggests that the delay in proceedings was somehow harmful, he has failed to allege any facts to support this claim, *i.e.*, to show that there was a deadline for the proceedings, that the deadline passed without the claimant's permission to delay the proceedings, that the delay was unreasonably long, and that he was prejudiced in his ability to defend the parole violation charges because of the delay. *See Prince v. Straub*, 78 Fed.Appx. 440, 442 (6th Cir. 2003) (unpublished) (citing cases from the Second, Fifth, Sixth, and Ninth Circuits), *cert. denied*, 540 U.S. 1115 (2004).

Thus, the instant action will be dismissed without prejudice to the plaintiff's right to file a

6

new §2241 habeas action in the appropriate district after he has exhausted his state court remedies.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the petition of Johnny D. Davis, III, for writ of habeas corpus is **DENIED**, *sua sponte*; the action will be **DISMISSED** from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Dated this 20th day of April, 2006.

Signed By:
*Karen K. Caldwell*   KKC
**United States District Judge**